UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH P.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 18-5575-RSM-MLP

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by (1) failing to account for limitations caused by her migraine headaches, (2) failing to account for her frequent tearfulness, and (3) failing to account for her lashing out. (Dkt. # 10 at 1.) As discussed below, the Court recommends that the Commissioner's decision be **AFFIRMED**.

## II. BACKGROUND

Plaintiff was born in 1980, completed eleventh grade, and has worked as a thrift store sorter, childcare teacher, towing dispatcher/driver, retail cashier, and security guard. AR at 46-47, 244. Plaintiff was last gainfully employed in March 2011. AR at 244.

On May 30, 2015, Plaintiff protectively applied for benefits, alleging disability as of July

REPORT AND RECOMMENDATION - 1

10, 2014.[1]  AR at 128, 230-35.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR at 149-57, 161-71, 176-78.  After the ALJ conducted a hearing on March 28, 2017 (AR at 35-106), the ALJ issued a decision finding Plaintiff not disabled.  AR at 13-29.

      Utilizing the five-step disability evaluation process,[2] the ALJ found:

      Step one:  Plaintiff has not engaged in substantial gainful activity since May 30, 2015.

      Step two:  Plaintiff's migraine headaches, major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, and borderline personality disorder are severe.

      Step three:  These impairments do not meet or equal the requirements of a listed impairment.[3]

      Residual Functional Capacity ("RFC"):  Plaintiff can perform light work, with additional limitations: she can occasionally climb ladders, ropes, and scaffolds.  She can occasionally crawl.  She can have occasional exposure to vibration, temperature and humidity extremes, loud noise, bright light, and concentrated levels of dust, fumes, gases, poor ventilation, "and the like."  She can understand, remember, and apply short and simple instructions.  She can perform routine, predictable tasks.  She cannot work in a "fast-paced production type environment."  She can make simple decisions.  She can be exposed to few workplace changes.  She can have no interaction with the general public and occasional interaction with co-workers.

      Step four:  Plaintiff cannot perform past relevant work.

      Step five:  As there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 13-29.

      As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  AR at 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to May 30, 2015. AR at 42-43.
[2] 20 C.F.R. §§ 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.    DISCUSSION

Plaintiff argues that the ALJ's RFC assessment erroneously fails to account for limitations caused by her migraine headaches, her tearfulness, and her lashing out at others. (Dkt. # 10 at 1.) A claimant's RFC is the most the claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v.*

1  *Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

2  Plaintiff has failed to establish that the ALJ erred in failing to account for these
3  limitations in the RFC assessment because she does not cite any credited evidence establishing
4  the existence of the omitted limitations. The only evidence mentioning the omitted migraine
5  limitations is her own self-reporting (either at the hearing or to her provider[4]), which the ALJ
6  discounted and Plaintiff does not challenge that finding. *See* AR at 60-61, 807. Specifically, the
7  ALJ found that Plaintiff's migraine allegations were inconsistent with the treatment record and
8  her activities. AR at 20, 23. At the hearing, Plaintiff testified that she went to the emergency
9  room "quite often" for her migraines. AR at 61. When questioned more specifically, after the
10 ALJ indicated that he did not see any records of such visits, Plaintiff said she went to the
11 emergency room five times in the past two years for migraines. AR at 62-63. The ALJ told her
12 at the hearing that the record did not support that, and Plaintiff's counsel agreed that there are no
13 records for emergency room visits for migraines. AR at 67-69. The ALJ stated in his decision
14 that the lack of record support for Plaintiff's testimony in this regard undermined the reliability
15 of her testimony about the severity of her migraine-related limitations. AR at 23. Plaintiff's
16 untimely[5] argument that the ALJ misunderstood migraine treatment (Dkt. # 12 at 3) is not
17 persuasive.

18  Similarly, no credited evidence in the record indicates that Plaintiff's tearfulness would

---

[4] Plaintiff's physician completed a checkbox opinion that describes what symptoms Plaintiff reported to her; no clinical observations of the symptoms/limitations are referenced, Plaintiff's argument notwithstanding. AR at 807-08; (Dkt. # 12 at 2.)

[5] Plaintiff challenges some aspects of the ALJ's reasoning for the first time in the reply brief (Dkt. # 12), which is insufficient to preserve these arguments. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.") (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

limit her ability to work: tearfulness during psychiatric treatment (*e.g.* AR at 514, 517, 751) does not necessarily indicate that Plaintiff would be tearful in the workplace.[6] Plaintiff goes on to cite only either her own discounted self-reporting to providers or discounted opinions as the basis for suggesting that her irritability/lashing out at others would cause a workplace limitation, and again fails to show that the ALJ erred in discounted that evidence. (Dkt. # 10 at 4) (citing AR at 513, 515, 553, 561.))

Because the ALJ discounted the evidence Plaintiff relies on as the basis for all of the omitted limitations, and Plaintiff has not addressed the ALJ's reasons for doing so or shown that the ALJ erred in doing so, Plaintiff has not met her burden to show harmful legal error in the ALJ's decision. *See Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir. 2015) (finding that an ALJ need not include limitations caused by plaintiff's migraines, because the only evidence in the record that established any limitations was plaintiff's self-report (and her doctor's record of her self-report), which the ALJ properly discounted).

## V. CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's final decision be **AFFIRMED** and this case be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **fourteen (14)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections

---

[6] Plaintiff's brief contends that her tearfulness has been described as a "spontaneous sob." (Dkt.# 10 at 3) (citing AR at 437.)) The treatment note actually refers to "sob" to mean "shortness of breath," not crying. AR at 437.

REPORT AND RECOMMENDATION - 5

1  should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days
2  after they are served and filed. Responses to objections, if any, shall be filed no later than
3  **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the
4  matter will be ready for consideration by the District Judge on the date that objections were due.
5  This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking
6  review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned
7  District Judge acts on this Report and Recommendation.

8    DATED this 27th day of March, 2019.

　

　

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MICHELLE L. PETERSON
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge